**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| MAKENZI WAMBOLD<br>1215 Carlisle St.<br>Bethlehem, PA 18017 | CIVIL ACTION |
| Plaintiff,<br>v. | CASE NO.: |
| NIVAS PATEL<br>d/b/a BUBBAKOO'S BURRITOS<br>1892 Leithsville Rd.<br>Hellertown, PA 18055<br>and<br>AVYAN BURRITO, LLC<br>d/b/a BUBBAKOO'S BURRITOS<br>1892 Leithsville Rd.<br>Hellertown, PA 18055<br>and<br>AALIA BURRITO, LLC<br>d/b/a BUBBAKOO'S BURRITOS<br>1892 Leithsville Rd.<br>Hellertown, PA 18055 | **JURY TRIAL DEMANDED** |
| Defendants. | |

**CIVIL ACTION COMPLAINT**

Plaintiff, by and through her undersigned counsel, hereby avers as follows:

**INTRODUCTION**

1. This action has been initiated by Makenzi Wambold (hereinafter "Plaintiff") against Nivas Patel, d/b/a Bubbakoo's Burritos, Avyan Burrito, LLC d/b/a a Bubbakoo's Burritos, and Aalia Burrito d/b/a Bubbakoo's Burritos (hereinafter collectively "Defendants"). Plaintiff asserts violations of the Americans with Disabilities Act, as amended ("ADA" - 42 USC §§ 12101,

et. seq.) and the Pennsylvania Human Relations Act ("PHRA").[1] Plaintiff contends she was subjected to discriminatory and retaliatory mistreatment while employed with Defendant (as explained *infra*) and that she was unlawfully terminated from her employment.

**JURISDICTION AND VENUE**

2. This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal laws. Plaintiff's future state claims are proper under this Court's ancillary or supplemental jurisdiction to hear state claims arising out of the same common nucleus of operative facts as those set forth in Plaintiff's federal claims.

3. This Court may properly maintain personal jurisdiction over Defendants because their contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *International Shoe Co. v. Washington,* 326 U.S. 310 (1945) and its progeny.

4. Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this District because actions underlying this case occurred in this District, and Defendants are deemed to reside where they are subject to personal jurisdiction (rendering venue appropriate for multiple reasons).

5. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). Plaintiff has properly exhausted her administrative proceedings before

[1] Plaintiff will seek leave to amend the instant lawsuit to add claims under the PHRA once properly administratively exhausted. Plaintiff was, however, required to initiate this lawsuit pursuant to a right-to-sue letter prior to such PHRA exhaustion. Plaintiff's PHRA claims will mirror identically her ADA claims, and they are analyzed identically in the Third Circuit as well.

initiating this action by timely filing her Charge with the EEOC, and by filing the instant lawsuit under the ADA within ninety (90) days of receiving a right-to-sue letter from the EEOC.

## PARTIES

6. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

7. Plaintiff is an adult female residing at the above-captioned address.

8. Defendant Nivas Patel d/b/a Bubbakoo's Burritos is a restaurant franchise, located at the above-captioned address.

9. Defendants Avyan Burrito, LLC d/b/a a Bubbakoo's Burritos and Aalia Burrito d/b/a Bubbakoo's Burritos are, upon information and belief, restaurant franchises owned and operated by Nivas Patel and are registered at the same address with Pennsylvania's Secretary of State and have the same principal address: 6624 Karra Ct., Center Valley, PA 18034.

10. Upon information and belief, 6624 Karra Ct., Center Valley, PA 18034 is currently or was previously Nivas Patel's residence.

11. Upon information and belief, because of their interrelation of operations, common ownership or management, centralized control of labor relations, financial controls, and other factors, Defendants are sufficiently interrelated and integrated in their activities, labor relations, ownership and management that they may be treated as a single and/or joint employer for purposes of the instant action.

12. At all times relevant herein, Defendants acted by and through their agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

## FACTUAL BACKGROUND

13. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

14. Plaintiff is a 20-year-old female.

15. Plaintiff was employed by Defendants for approximately 4 months (commencing on or about August 10, 2025) until being unlawfully terminated on or about December 4, 2025.

16. Plaintiff physically worked for Defendants at its above-captioned address.

17. Plaintiff held the position of Line Cook throughout her employment with Defendants until her unlawful termination.

18. Plaintiff's supervisor was the Manager, Eric Baez ("Baez").

19. During her employment with Defendants, Plaintiff was a hard-working employee who performed her job well; Baez even praised her work.

20. Plaintiff suffers from an ADA-qualifying disability, including but not limited to epilepsy and its associated symptoms, conditions, and complications.

21. Plaintiff's disabilities, at times, substantially limit her ability to perform certain daily life activities by causing seizures, persistent drowsiness, unconsciousness (for up to 8 hours)[2] and temporary paralysis.

22. Despite her aforementioned disabilities, Plaintiff was able to perform the essential functions of her position; however, she (at times) required reasonable accommodations (discussed further *infra*).

[2] During these episodes, consciousness can return momentarily.

23. When Plaintiff applied for employment with Defendants, she informed Defendants that she suffered from seizures.

24. Baez kept Plaintiff's emergency medication in his office in case Plaintiff needed it at work.

25. On or about November 30, 2025, Plaintiff suffered from 3 consecutive seizures, all lasting for about 3 to 4 minutes each.

26. As a result of the aforesaid seizures, Plaintiff had to be taken to the emergency room and took a brief medical leave spanning from on or about November 30, 2025 to December 3, 2025.

27. Plaintiff notified Baez via text of the aforesaid seizures and that she had to visit the Emergency Room for the same. Baez responded "Don't push it. Get a doc note and take today off. Feel better."

28. On or about December 3, 2025, Plaintiff suffered a 3-minute long seizure while at home at approximately 3:00p.m. EST.

29. Plaintiff was supposed to report to work at 5:00p.m. EST on or about December 3, 2025; however, Plaintiff was in and out of consciousness for approximately 4 hours (with very limited moments of consciousness) and under the supervision of her mother, Janessa Ash ("Ash").

30. At or about 5:19 p.m. on December 3, 2025, Plaintiff notified Baez via text that she suffered a seizure and lost consciousness around 3:00 p.m.

31. Later on or about December 3, 2025, Plaintiff received a phone call from Baez after the start of her shift, in which Baez demanded, "where the fuck are you, you should have been here almost 30 minutes ago," to which Plaintiff again explained that she suffered a seizure.

32. Baez callously replied, "of course you did" and hung up the phone.

33. On or about December 4, 2025, Plaintiff received another phone call from Baez, who curtly and angrily informed her that she was being terminated, stating: "We are going to have to let you go because I can't take the risk of your health. I can't take the risk of getting slammed and you can't make it. I think it is in your best interest to take care of your health."

34. Plaintiff responded that she did not think it was in her best interest to stop working.

35. Baez responded by discriminatorily stating: "I think it is in *my* best interest."

36. Ash was also present for this call.

37. Plaintiff has not heard from Defendants since the aforesaid phone call on or about December 4, 2025.

38. Baez blatantly and directly referenced Plaintiff's ADA-qualifying disability as the reason for which he terminated Plaintiff, in direct violation of the ADA.

39. Additionally, the close proximity of Plaintiff's termination (one day after receiving notice of her need for an accommodation) indicates that Defendants also terminated Plaintiff for requesting/needing an accommodation, and/or that Defendants failed to accommodate Plaintiff by terminating her instead of accommodating her absence.

**COUNT I**
**<u>Violations of the Americans with Disabilities Act, as Amended ("ADA")</u>**
**([1] Actual/Perceived/Record of Disability Discrimination; [2] Hostile Work Environment; [3] Retaliation; and [4] Failure to Accommodate )**

40. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

41. Defendants subjected Plaintiff to a hostile work environment based on her disability and/or requests for reasonable accommodation through discriminatory harassment and failure to accommodate her disability.

42. Plaintiff thus believes and avers that her actual, perceived and/or record of disabilities were a motivating and/or determinative factor in Defendants' decision to terminate her employment.

43. Plaintiff also believes and therefore avers that Defendants terminated her employment in retaliation for engaging in protected activity under the ADA.

44. Lastly, Plaintiff believes and avers that Defendants failed to accommodate her and counted ADA-qualifying absences against her in making the decision to terminate her employment.

45. These aforesaid actions constitute violations of the ADA.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendants are to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement, and seniority;

B. Plaintiff is to be awarded punitive damages, as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendants for their willful, deliberate, malicious and outrageous conduct and to deter Defendants or other employers from engaging in such misconduct in the future;

C. Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper, and appropriate (including but not limited to damages for emotional distress / pain and suffering);

D. Plaintiff is to be awarded the costs and expenses of this action and reasonable attorney's fees as provided by applicable federal and state law; and

E. Plaintiff is to receive a trial by jury as requested in the caption of this Complaint.

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By: ______________________

Ari R. Karpf, Esq. (91538)
8 Interplex Drive, Suite 210
Feasterville-Trevose, PA 19053
215-639-0801 (P)
215-639-4970 (F)
akarpf@karpf-law.com

Dated: October 27, 2026

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

# CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Makenzi Wambold | : | CIVIL ACTION |
| v. | : | |
| Nivas Patel d/b/a Bubbakoo's Burritos, et al. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (x )

| | | |
|---|---|---|
| 10/27/2026 | [signature] | Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-639-0801 | 215-639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: Defendants place of business

***RELATED CASE IF ANY:*** Case Number:__________ Judge:__________

1. Does this case involve property included in an earlier numbered suit? Yes ☐
2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit? Yes ☐
3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit? Yes ☐
4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual? Yes ☐
5. Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation. Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

**Civil Litigation Categories**

*A.* ***Federal Question Cases:***

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Wage and Hour Class Action/Collective Action
- ☐ 6. Patent
- ☐ 7. Copyright/Trademark
- ☐ 8. Employment
- ☐ 9. Labor-Management Relations
- ☒ 10. Civil Rights
- ☐ 11. Habeas Corpus
- ☐ 12. Securities Cases
- ☐ 13. Social Security Review Cases
- ☐ 14. Qui Tam Cases
- ☐ 15. Cases Seeking Systemic Relief ***see certification below***
- ☐ 16. All Other Federal Question Cases. *(Please specify)*:__________

**B.** ***Diversity Jurisdiction Cases:***

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury (*Please specify*):__________
- ☐ 7. Products Liability
- ☐ 8. All Other Diversity Cases: *(Please specify)*__________

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**

WAMBOLD, MAKENZI

**(b)** County of Residence of First Listed Plaintiff: Northampton
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Ari R. Karpf, Esq.; Karpf, Karpf & Cerutti, P.C., 8 Interplex Drive, Suite 210, Feasterville-Trevose, PA 19053; 215-639-0801; akarpf@karpf-law.com

**DEFENDANTS**

NIVAS PATEL D/B/A BUBBAKOO'S BURRITOS, ET AL.

County of Residence of First Listed Defendant: Northampton
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [X] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty

Other:
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing **(Do not cite jurisdictional statutes unless diversity)**:
ADA (42USC12101)

Brief description of cause:
Violations of the ADA and the PHRA.

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):* JUDGE ______ DOCKET NUMBER ______

DATE 10/27/2026 SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______